IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM CADWELL,                            §
                                            §     No. 129, 2017
      Respondent Below,                     §
      Appellant,                            §
                                            §     Court Below—Family Court
      v.                                    §     of the State of Delaware
                                            §
DIVISION OF FAMILY SERVICES,                §     File No. 16-07-12TN
                                            §     Petition No. 16-22496
                                            §
      Petitioner Below,                     §
      Appellee.                             §     File No. 16-04705
                                            §     Petition No. 16-23925, 16-30469

                  Submitted:  December 6, 2017
                  Decided:    December 7, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 7th day of December 2017, it appears to the Court that the judgment of the Family Court should be affirmed on the basis of and for the reasons assigned in its bench opinion and order dated February 28, 2017.[1]

This case involves a decision of the Family Court to terminate a father's parental rights and to deny a petition for guardianship filed by the father's second cousin.[2] In addressing these motions, the Family Court applied the appropriate

---

[1] *DFS v. Elise Clark and [William Cadwell]* File No.: 16-07-12TN, Pet. No.: 16-22496 (Fam. Ct. Feb. 28, 2017) (ORDER); *Tanya Greene v. DFS, Elsie Clark and [William Cadwell]* File No.:16-04705; Pet. Nos.: 16-23925, 16-30469 (Fam. Ct. Feb. 28, 2017) (ORDER).
[2] *Id.* at 2.

standards of review and grounded its thorough decision in sufficient record evidence.[3]

These cases always involve sad circumstances and so does this one. But, the reality is that neither of the parents have or are positioned to serve in even a minimally adequate way as a parent to the child.[4] And although the willingness of the father's second cousin to serve as a guardian is admirable, the Family Court's denial of the guardianship petition was supported by abundant record evidence showing that it was in the child's best interest to do so.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Id.* at 7 (noting that the "termination of parental rights is based on a two-step analysis" that requires: (1) proof of a statutory basis for the termination; and (2) a showing that termination is in the child's best interest); *id.* at 7–10 (identifying the statutory basis necessary to terminate parental rights as 13 *Del C.* § 1103(a)(5): "failure to plan adequately for the child's physical needs or mental and emotional health and development."); *id.* at 11–22 (assessing each of the best interest factors listed in 13 *Del. C.* § 722, and concluding that termination of the father's rights was in his son's best interest); *id.* at 11–22 (concluding that it was also in the child's best interest to deny Greene's petition for guardianship).

[4] The child's mother has agreed to the termination of her parental rights and the father is currently incarcerated. *Id.* at 20.

[5] *Id.* at 11–22.